UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EARNEST J. NETTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:07-CV-066 WL |
| v. | ) |
| | ) |
| FRANK CANARECCI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Earnest J. Netter, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Netter makes claims based on two distinct theories. First he alleges that he was not protected from attack by fellow inmates and second he alleges the he was housed in a racially

2

segregated housing unit. He alleges that these events occurred while he was a pre-trial detainee. Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

## I. Failure To Protect

Mr. Netter alleges that he was actually attacked twice: January 13, 2007 in B-8 by Kavin Martin and January 15, 2007 in B-6 by Michael Marshall. He alleges that in December 2006 he was moved from J-8 to B-8 by classification because of an attempted assault.[1] Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual

---

[1] Mr. Netter attempts to also present a claim based on being at risk in J-8, but fear of an attack that does not occur does not state a claim. *Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997).

knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts. *See*, *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of [danger] . . . is inevitable no matter what guards do").

Mr. Netter alleges that he was in need of protection because he became an informant in 2004. He alleges that his status as an informant was revealed by Lucy Brown-McGee in 2005. He states that his current incarceration began on November 30, 2006. He alleges that the defendants remembered his status since his prior release more than a year earlier on September 17, 2005. He also alleges that he was moved in December 2006 because of an attempted assault on him. He does not allege that his attackers, or any other inmates during his 2006-2007 incarceration knew that he was an informant. Mr. Netter is not specific about what or to whom he communicated his need for protection, nor does he allege that any of these attacks or attempted attacks were motivated by his

4

status as an informant. Nevertheless, based on this complaint and giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, it is a reasonable inference that the complaint alleges that these attacks were motivated by his status and that Julie Lawson and Sgt. Schroeder knew of his needs when they reassigned him (or knowingly allowed his reassignment) to B-8 in December 2006 and to B-6 in January 2007.

Three other defendants are named in the amended complaint. Curiously, he names Ryan Thomas, but then states, "I would like to dismiss" him. Amended Complaint at 7, docket # 12. He states that he might want to call Ryan Thomas as a witness, but it is clear that he does not intend that he be a defendant. Therefore Ryan Thomas will be dismissed.

Mr. Netter alleges that Frank Canarecci knew of his status as an informant and that he is the "Head Over-see'er of the jail and staff . . .." Amended Complaint at 3, docket # 12.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Mr. Netter does not allege, and based on this complaint it would not be reasonable to infer, that Frank Canarecci was responsible for placing him in a dangerous cell block nor that he had actual knowledge that Mr. Netter was in danger. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1965

(2007) (citations and footnote omitted). Therefore the complaint does not state a claim against Frank Canarecci for failure to protect.

Mr. Netter alleges that Lucy Brown-McGee placed him at risk in 2005 when she revealed that he was an informant in front of other inmates. Mr. Netter does not allege, and based on this complaint it would not be reasonable to infer that he was actually attacked by other inmates before January 2007. Nor does he allege that Lucy Brown-McGee had any involvement with his cell assignment in 2007. Therefore the complaint does not state a claim against Lucy Brown-McGee for failure to protect.

After having been attacked twice, Mr. Netter was placed and retained in segregation. Nevertheless, on March 8, 2007, he alleges he signed a form asking to be released to general population because he did not like segregation. He states that he wanted to be housed in a different protective custody area of the jail. Though jail officials had an obligation to protect him, he had no right to dictate his housing assignment. It is unclear if the risk he previously faced in general population had changed in any meaningful way. If it had not, it is unclear how Julie Lawson or Sgt. Schroeder could be deliberately indifferent to a risk that Mr. Netter did not and does not consider serious enough to protect himself from. Nevertheless, the complaint as written states a claim against Julie Lawson and Sgt. Schroeder for failure to protect, therefore Mr. Netter will be permitted to proceed against them.

## II. Racially Segregated Housing

In general population, Mr. Netter alleges that he is held in racially segregated housing units. He alleges that, "B-8, B-6, J-8, and J-6 have never housed any White or Hispanic inmates . . . it is a very racist policy to only house inmates of one race together . . .." Amended Complaint at 7,

6

docket #12. A court must analyze all racial classifications imposed by government under the strict scrutiny standard. *Adarand Consturctors, Inc. v. Pena*, 515 U.S. 200, 227 (1995). Under this standard, government officials have the burden of proving that racial classifications "are narrowly tailored measures that further compelling governmental interests." *Id.* at 227. Prison or jail officials who racially segregate prisoners must justify their actions under the strict scrutiny standard. *Johnson v. California*, 543 U.S. 449 (2005).

The court has recently reviewed the question of racial segregation at the St. Joseph County Jail in *Simmons v. Canarecci*, 3:06-CV-118 (N.D. Ind. filed February 13, 2006). In that case, Chief Judge Miller granted summary judgment in favor of the defendants after finding that race-neutral classification factors resulted in some racially segregated housing units.

> That the majority of inmates at the jail are black men ensures that most male housing units will be predominately black. Moreover, if officials do not take race into account – and classify inmates only on the criteria set forth in their submissions – it is inevitable that some housing units may be entirely of one race part of the time. The only way to ensure that jail housing units will be racially balanced is to affirmatively take race into account in making housing assignments – which the Fourteenth Amendment does not require.

*Id.* docket # 49 at 6-7. In that case, the *pro se* prisoner plaintiff did not submit any admissible evidence to contest the defendants' summary judgment motion. In light of that case, Mr. Netter may well have an insurmountable burden in trying to prove this claim. But, standing alone, that ruling is not sufficient to find that Mr. Netter has not stated a claim.

Mr. Netter alleges that the jail has a policy of racial segregation of inmates.

> To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom.

7

*Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Therefore he may proceed on this claim against Frank Canarecci, Julie Lawson and Sgt. Schroeder in their individual and official capacities. Though Mr. Netter attempts to assert this claim against the other two defendants, he does not state a claim against them. As with the failure to protect claims, Mr. Netter asked to dismiss Ryan Thomas. Lucy Brown-McGee is a former transport officer. Nothing in the complaint gives any indication that she had any role in racially segregating inmates at the time that he was housed in the jail. Therefore Ryan Thomas and Lucy Brown-McGee will be dismissed.

### III. Conclusion

For the foregoing reasons, the court:

(1) **GRANTS** Earnest J. Netter leave to proceed against Julie Lawson and Sgt. Schroeder in their individual capacities for monetary damages for failing to protect him from attack by Kavin Martin in B-8 on January 13, 2007 and by Michael Marshall in B-6 on January 15, 2007 in violation of the Fourteenth Amendment;

(2) **GRANTS** Earnest J. Netter leave to proceed against Frank Canarecci, Julie Lawson and Sgt. Schroeder in their individual and official capacities for monetary damages for racially segregating inmate housing in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Ryan Thomas, and Lucy Brown-McGee;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Frank Canarecci, Julie Lawson, and Sgt. Schroeder to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (docket # 12);

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Frank Canarecci, Julie Lawson, and Sgt. Schroeder; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Frank Canarecci, Julie Lawson, and Sgt. Schroeder respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: September  4 , 2007

                                       s/William C. Lee
                                       William C. Lee, Judge
                                       United States District Court